## Howard *v.* Howard

No. 42168          February 5, 1962          137 So. 2d 191

*Brunini, Everett, Grantham & Quin,* Vicksburg, for appellant.

*John B. Gee,* Vicksburg, for appellee.

ETHRIDGE, J.

Appellant and appellee were married in 1952. In 1960 Mattie Howard filed a bill of complaint in the Chancery Court of Warren County for separate maintenance, alleging that the defendant, Revelle Howard, had deserted her without fault on her part, and willfully refused and failed to support her. After a hearing on conflicting testimony, the trial court on January 19, 1961, found the wife was entitled to the relief sought, and ordered defendant to pay her $10 a week separate maintenance, the utilities and payments on their house, and her attorney's fees. The husband appealed without supersedeas, and the case was argued and submitted to this Court on January 15, 1962.

In the meantime a motion was filed reflecting that Mattie Howard died testate on January 4, 1962, and the movant, J. G. Sherard, Chancery Clerk of Warren County, was appointed executor of her estate. Movant asked the Court to revive the cause in his name as

her executor. Appellant agrees that the motion is well-taken, and the case should be decided on the merits. Ordinarily, the death of a party pending appeal abates an action which involves merely his personal status, where the court is left with nothing to act on after its object has been accomplished by his death. ■■■ Hence the death of either party pending an appeal from a judgment in a divorce action abates the action insofar as it affects the mere marital status, but not insofar as property interests are involved. 1 C. J. S., Abatement and Revival, Sec. 128(b); 4 C. J. S., Appeal and Error, Sec. 406, 407.

Miss. Code 1942, Rec., Sec. 1968, is a liberal revival statute. It states: "If either the appellant or the appellee die after the case has been removed to the Supreme Court, and before the decision thereof, the suit shall not abate, but the legal representatives of the deceased parties may voluntarily make themselves parties, and have the cause revived; * * *".

■■■ In the instant case the chancery court had before it (1) the right of Mattie to live separate and apart from her husband, because of his alleged desertion and failure to support her; (2) her right to separate maintenance in a specified amount; and (3) her right to have appellant pay her attorney's fees. The first item was concerned with merely the personal status of the parties, but the rights to separate maintenance during her life and her attorney's fees involved property interests of Mattie and her executor. In addition, the question of liability for the court costs exists. Hence the motion to revive this cause against the executor as appellee is sustained.

■■■ We have carefully considered the record, and, although there are numerous contradictions between the evidence of appellant and appellee, we are unable to say that the chancery court was manifestly wrong in rendering the decree for separate maintenance against

the husband in favor of his wife. ██ █ The chancellor heard the witnesses, and was in a better position to weigh their veracity and the merits, on conflicting testimony, than we are. Hence the decree will be affirmed.

██ █ The motion of appellee for attorney's fees on appeal is sustained. She is awarded for such services the sum of $75.

Motions to revive and for attorney's fees sustained; on the merits, affirmed.

*MeGehee, C. J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* concur.

### ON APPELLEE'S MOTION TO ALLOW AND REQUIRE PREPAYMENT OF FEES FOR COUNSEL.

Lee, P. J.

It appears from the motion that the appellee was allowed a total of $150 as fees for her counsel in the trial court. Since she must defend the cause in this Court, a fee of one-half that amount, or $75, is allowed for the services of her counsel here, the same to be paid by the appellant to the appellee and her counsel, or to the Clerk of this Court, on or before the day of submission of the cause in this Court.

Motion for attorneys fees sustained.

*Kyle, Arrington, Ethridge and Rodgers, JJ.,* concur.